RAY KIM LAW, APC
Raymond Y. Kim (SBN 251210)
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832
Telephone:  833-729-5529
Facsimile:   833-972-9546
E-mail:      ray@raykimlaw.com

Attorneys for Plaintiff
Sergio Rodriguez

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SERGIO RODRIGUEZ,
individually and on behalf of all
others similarly situated,

               Plaintiff,

   vs.

SAMSUNG ELECTRONICS
AMERICA, INC.; BEST BUY
CO., INC.; AND DOES 1-5,
               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:

**CLASS ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

Plaintiff Sergio Rodriguez ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, brings this Class Action Complaint (the "Complaint") against defendants Samsung Electronics America ("Samsung") and Best Buy Co., Inc. ("Best Buy") (together "Defendants"), and alleges as follows:

## SUMMARY OF ACTION

1.      Plaintiff brings this action for restitution and damages, and other legal and equitable remedies, resulting from the illegal actions of Samsung and Best Buy with respect to certain of their distribution, marketing, advertising and sale of Samsung televisions ("TVs").  Specifically, Defendants falsely represented that certain of Samsung QLED TVs have qualities, characteristics, and functionalities that they do not have.[1]

2.      In so doing, Defendants violated the: (i) California Unfair Competition Law, Business and Professions Code § 17200 ("UCL); (ii) California False Advertising Law, Business and Professions Code § 17500 ("FAL"); and (iii) California Consumer Legal Remedies Act, Civil Code § 1770 *et seq.* ("CLRA").

3.      With respect to Defendants' false advertising practice, pursuant to Business and Professions Code § 17203 and Civil Code § 1785.31, Plaintiff seeks an injunction for himself and members of the general public ordering that Defendants immediately cease falsely reporting certain Samsung QLED televisions as having certain characteristics, qualities, and features that they do not have, including Free

---

[1] QLED is a term used in the TV space.  "All QLED TVs are also LCD TVs, but they use quantum dots to produce colors.  QLED TVs, from companies including … Samsung…  use a blue LED light source, plus a film embedded with tiny quantum dots, or nanocrystals. The quantum-dot film is sandwiched between the other layers of the LCD panel, replacing the color filter in front of the LED backlight.  When these tiny crystals are hit with the blue light from the backlight, they glow, emitting very saturated primary colors, based on the size and composition of the quantum dot material. Because the size of the crystals can be controlled precisely, the system renders very accurate colors, even at higher brightness levels where colors can start to look a bit washed out. So QLED TVs, like LED TVs, are also LCD TVs, albeit fancier ones." See Consumer Reports, *QLED vs. OLED (and QD-OLED): Which TV Tech Is Right for You?*, available at https://www.consumerreports.org/tvs/qled-vs-oled-and-qd-oled-which-tv-tech-is-right-for-you-a6691090566/#:~:text=QLED%20TVs%2C%20from%20companies%20including,front%20of%20the%20LED%20backlight. (last visited on April 7, 2023).

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Sync Premium, 120 Hz refresh rate, and High-Definition Multimedia Interface ("HDMI") 2.1 ports for transmitting digital video and audio.

## THE PARTIES

4.     Plaintiff is a consumer residing in the State of California, Orange County.  In early 2022 Plaintiff purchased a Samsung 50" Class Q80A Series QLED 4K TV in Orange County.

5.     Defendant Samsung Electronics America ("Samsung") manufactures electronic products, including televisions, digital cameras, cell phones, storage devices, home appliances, security systems, smartwatches, and computer products. Samsung serves customers worldwide.  Samsung Electronics America is incorporated in New York and headquartered in Ridgefield Park, New Jersey.  It regularly sells products and does business in California.

6.     Defendant Best Buy is a multinational consumer electronics retailer incorporated in Delaware and headquartered in Richfield, Minnesota.  Best Buy has approximately 145 stores in California alone.  Best Buy regularly sells Samsung TVs.

7.     Doe Defendants 1-5 are the other companies or individuals responsible for the false and deceptive advertising and sale of Samsung TVs.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(1).  Plaintiff brings a class action under Federal Rule of Civil Procedure 23.  Plaintiff and Defendants are citizens of different states, and on information and belief, the amount in controversy exceeds the sum of $5,000,000.00 and there are no less than 100 class members.

9.     Defendants regularly conduct business within the State of California, which means personal jurisdiction is established.

10.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because Plaintiff is a resident of Orange County and a substantial part of the events giving rise to the claims occurred in this district.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

- 3 -

**CLASS ACTION COMPLAINT**

**STATEMENT OF FACTS**

**A.    Summary Of Relevant Technology Relating To Samsung QLED TVs**

11.    Every year the electronics industry releases new technology and features for the audio and video industry.  Televisions are usually at the forefront of that new technology.  Among other features, consumers regularly search for the highest quality in display resolution, which is based on the number of pixels in an image.  The everyday consumer is aware of terms such as "**HD**" for high definition (full HD displays have a pixel count of 1920 x 1080), **4K** which refers to horizontal resolutions of around 4,000 pixels (which is exactly four times the pixel count of full HD displays), and "**refresh rate**," which according to Samsung "is the frequency at which the screen updates with new images each second, measured in hertz (cycles per second). The content may look steady on the display, but what the viewer can't see is how fast the content is changing — up to 360 times a second. The higher the refresh rate, the smoother the visual quality." *See* Insights, *How does refresh rate work for monitors?*, available at https://insights.samsung.com/2022/03/07/how-does-refresh-rate-work-for-monitors/ (last visited on March 30, 2023).

12.    According to Intel:

[A] higher refresh rate refers to the frequency that a display updates the onscreen image. The time between these updates is measured in milliseconds (ms), while the refresh rate of the display is measured in hertz (Hz).  The refresh rate of your display refers to how many times per second the display is able to draw a new image. This is measured in Hertz (Hz). For example, if your display has a refresh rate of 144Hz, it is refreshing the image 144 times per second. When paired with the high frame rates produced by a [graphics processing unit] GPU and [central processing unit] CPU working together, this can result in a smoother experience and potentially higher FPS [frames per second].

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Intel, *What Is Refresh Rate and Why Is It Important?*, available at

https://www.intel.com/content/www/us/en/gaming/resources/highest-refresh-rate-gaming.html (last visited on March 30, 2023).



13.   "**HDMI**" is another technology feature that is now standard on all TVs with HD resolution for digitally transmitting uncompressed video and audio data. HDMI technology has progressed since it was first introduced in 2002.  Samsung states, "There are several HDMI versions. The various HDMI versions are HDMI 1.0, HDMI 1.1, HDMI 1.2, HDMI 1.3, HDMI 1.4, HDMI 2.0, and the newest version, HDMI 2.1."  Samsung, *Gaming with Samsung Smart TVs using HDMI 2.1*, available at https://www.samsung.com/ae/support/tv-audio-video/gaming-with-samsung-smart-tvs-using-hdmi-21/ (last visited on March 30, 2023)  Samsung explains on its website:

> Over time, new versions are developed to suit the ever-expanding need for fast connections to transmit music and video of greater quality. The most recent version, HDMI 2.1, supports a variety of current and upcoming standards, making it perfect for game consoles…  Samsung TVs support HDMI2.1 features.

- **Fixed Rate Link (FRL):** A signaling technology that is able to achieve higher uncompressed resolutions, including 8K. It is also able to use up to 48Gbps of ultra-high-speed bandwidth.

- **Display Stream Compression (DSC):** A lossless compression algorithm that can achieve *higher resolutions and faster refresh rates, such as 4K at 120FPS*. It also includes greater color depth at 8K.

- **Variable Refresh Rate (VRR):** VRR eliminates screen tearing for fluid, enjoyable gameplay. Try combining Variable Refresh Rate with Fixed Rate Link and Display Stream Compression for high-resolution gaming.

*Id*. (italics added).

**B.    Samsung Falsely Claims That Its TVs Have Motion Xcelerator Turbo+, FreeSync, And HDMI 2.1 When They Do Not**

14.    Samsung touts a feature on its TVs called "Motion Xcelerator Turbo+," which purportedly provides "Smooth, fluid motion at 4K 120Hz."  *See* Samsung, https://www.samsung.com/us/televisions-home-theater/tvs/qled-4k-tvs/50-inch-q80a-qled-4k-smart-tv-2021-qn50q80aafxza/ (last visited on March 9, 2023).

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832



**CLASS ACTION COMPLAINT**

15.     Samsung also touts a feature on its "top TVs" called FreeSync. Samsung advertises that FreeSync "provides clean, smooth animation and eliminates stutter and screen tearing. Put an end to choppy gameplay and broken frames. Your eyes will thank you."  *See* Samsung, *FreeSync on Samsung TVs*, available at https://www.samsung.com/us/support/answer/ANS00079940/#:~:text=In%20case%20you're%20not,choppy%20gameplay%20and%20broken%20frames (last visited on March 30, 2023).



16.     In addition, Samsung touts that some of its Smart TVs, including the one purchased by Plaintiff, are equipped with HDMI 2.1 to "achieve higher uncompressed resolutions, including 8K," "achieve higher resolutions and faster refresh rates, such as 4K at 120FPS," and "eliminate screen tearing for fluid, enjoyable gameplay."  Samsung, *Gaming with Samsung Smart TVs using HDMI 2.1*, available at https://www.samsung.com/ae/support/tv-audio-video/gaming-with-samsung-smart-tvs-using-hdmi-21/ (last visited on March 30, 2023).

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**C.**   **Plaintiff Purchases A Samsung QLED TV That Samsung Falsely Claims Has Motion Xcelerator Turbo+, FreeSync, And HDMI 2.1**

17.    In 2022, Plaintiff was in search of a new TV with 4K resolution and a high refresh rate for an optimal display for movies, television and gaming.  After researching various TVs on the market, Plaintiff purchased the Samsung QLED 4K Smart TV, model QN50Q80A (the "QLED 4K TV") from Best Buy.  Samsung advertised that the QLED 4K TV was equipped with *inter alia* Motion Xcelerator

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Turbo+, FreeSync, and HDMI 2.1.  Best Buy represented that the QLED 4K TV had Motion Xcelerator Turbo+ with a 120Hz refresh rate.

**KEY FEATURES**

**Picture**
- 4K UHD
- 4K AI Upscaling[4]
- Direct Full Array
- Quantum HDR 12X
- Quantum Processor 4K
- 100% Color Volume with Quantum Dot
- Supreme UHD Dimming
- Motion Xcelerator Turbo+[5]
- Wide Viewing Angle
- Adaptive Picture™
- FreeSync Premium Pro
- Auto Game Mode (ALLM)
- Super Ultrawide GameView & Game Bar[6]

**Design**
- Boundless Design
- Sand Black Floating Plate Stand

**Smart Features**
- Smart TV Powered by Tizen
- Universal Guide
- Ambient Mode+[7]
- Multiple Voice Assistants[8]
- TV Plus
- Multi View[9]
- SolarCell Remote™[10]
- SmartThings Compatible[11]
- Samsung Health[12]
- PC on TV[13]

**Connections**
- 4 HDMI Connections[14]
- HDMI 2.1
- eARC
- 2 USB Connections
- LAN Port
- 802.11AC built-in Wi-Fi
- Bluetooth®
- RS232 Control (Ex-Link)
- IP Control Support[15]
- Optical Audio Output Port

**Audio**
- Object Tracking Sound™
- Q-Symphony[16]
- SpaceFit Sound
- Active Voice Amplifier
- Dolby® Digital Plus
- 60 Watt 2.2.2 Channel[17]

**Included Accessories**
- SolarCell Remote™ (TM-2180E)

**Industry Certifications**
- CTA 4K UHD Connected
- Filmmaker Mode

18.     Plaintiff saw these advertisements and was drawn by the QLED 4K TV's 4K display, the Motion Xcelerator Turbo+, FreeSync, and HDMI 2.1 features, which would provide him the best movie and gaming experience.

19.     Plaintiff used the QLED 4K TV for movies, TV shows, and gaming with his Sony Playstation 5.  However, the QLED 4K TV did not function as expected. Specifically, the resolution was not as clear as expected, the refresh rate was slow resulting in choppy motion, and to Plaintiff's surprise, the TV was not performing at 120Hz.

20.     In February 2023, Plaintiff contacted Samsung for assistance to repair the QLED 4K TV.  Plaintiff's QLED 4K TV was still under warranty.

21.     On or about March 6, 2023, a Samsung service technician came to Plaintiff's home to inspect the QLED 4K TV.  To Plaintiff's surprise, after inspecting

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

1    the TV the technician explained that it did not have Motion Xcelerator Turbo+,

2    FreeSync, or HDMI 2.1.

3        22.    The Samsung service technician explained that Plaintiff had been

4    "misled to buy" the TV, and "the tv not does not [sic] meet advertised specification

5    on Samsung's website."  The technician specifically explained:

6            Customer states on Samsung website, Tv promises with FreeSync

7            premium, HDMI 2.1 and 120HZ; but when the TV arrives those

8            features were not available.  Went to Samsung website and found

9            website advertising tv with FreeSync premium pro, and HDMI 2.1 and

10           120 HZ features (see attached pictures); however, on page 154 of the

11           TV User Manual, it states the tv does not support VRR.

12       23.    Plaintiff felt completely duped and was upset because he had relied on

13   Defendants' representations that the QLED 4K TV had Motion Xcelerator Turbo+,

14   FreeSync, or HDMI 2.1.  But the QLED 4K TV did not have Xcelerator Turbo+,

15   FreeSync, and HDMI 2.1.  Plaintiff requested a replacement TV with these features,

16   but Samsung refused.  Plaintiff has since been searching for TVs with these features.

17   Plaintiff would potentially be interested in purchasing another Samsung TV in the

18   future if they have the advertised technology, are not deceptively advertised, and

19   accordingly priced at fair market value without being artificially inflated due to the

20   deceptive advertising.

21       24.    When Plaintiff, and Class Members, purchased the QLED 4K TVs, they

22   believed that they were purchasing TVs with the features advertised, including

23   Motion Xcelerator Turbo+, FreeSync, or HDMI 2.1.  Plaintiff, and Class Members,

24   were deceived as a result of Samsung's and Best Buy's actions.  In fact, Plaintiff

25   would not have purchased the QLED 4K TV if it were not for the misrepresentations

26   of the aforementioned material facts.  These purchasing decisions were supported by

27   the misleading, deceptive, and false representations made by Samsung and Best Buy.

28

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

25. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Samsung as a result of its intentional false advertising. Furthermore, Plaintiff suffered an "injury in fact" by paying for something he believed had technological features that it did not have.

26. Plaintiff and Class Members were undoubtedly injured and lost money as a result of Samsung's misleading, deceptive, fraudulent, and intentionally false advertising.

27. It was the intention of Samsung and Best Buy to deceive consumers in order to artificially raise sales revenues by selling more TVs and being able to market those TVs at above-market prices based on qualities and features that the TVs simply did not possess.

## **CLASS ACTION ALLEGATIONS**

28. Plaintiff brings this action on behalf of himself and all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the class defined as follows (the "Class"):

> All persons in the State of California who purchased a Samsung QLED television model number 50Q8*A or 43QN9*A ("Samsung QLED TVs") during the relevant statute of limitations period, i.e. four years prior to the filing of the Complaint until present.

29. Excluded from the Class are: (1) Samsung, any entity or division in which Samsung has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Plaintiff reserves the right to amend or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

30. Plaintiff and members of the Class were harmed by the acts of Samsung and Best Buy by purchasing TVs that did not have the qualities, characteristics and features that Defendants advertised they had.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

31.     Common questions of fact and law exist as to all members of the Class, which predominate over any questions affecting only Plaintiff or individual members of the Class.  These common legal and factual questions, which do not vary between the class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a)  Whether, within four years prior to the filing of this Complaint, Samsung and/or Best Buy falsely advertised its TVs as having certain technology and features that they did not have;

b)  Whether Plaintiff and the Class have purchased the TVs containing the same intentionally misleading, deceptive, false and fraudulent representations;

c)  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation;

d)  Whether such conduct is unlawful, unfair or fraudulent; and

e)  Whether Samsung and/or Best Buy should be enjoined from engaging in such conduct in the future.

32.     As a person that who purchased a QLED 4K TV from Defendants, Plaintiff is asserting claims that are typical of the Class.  Plaintiff and all members of the Class sustained damages arising out of Defendants' common course of conduct complained herein.

33.     The members of the Class are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Samsung and Best Buy sold thousands of QLED 4K TVs in California during the applicable statute of limitations periods, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action is a superior method to individual actions and will provide substantial benefits to the parties and the Court.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

34.     Plaintiff will fairly and adequately protect the interest of the members of the Class because Plaintiff has no interests which are adverse to the interest of absent class members and because Plaintiff has retained counsel who possess significant class action litigation experience regarding alleged violations of consumer statutes.

35.     A class action is superior to other available methods of fair and efficient adjudication of this controversy because individual litigation of each of the claims of the members of the Class is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

36.     The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

37.     Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

### FIRST CAUSE OF ACTION

### CALIFORNIA UNFAIR COMPETITION LAW

**BUSINESS & PROFESSIONS CODE § 17200 *et seq.***

**(On Behalf Of Plaintiff And The Class)**

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

38.     Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

39.     Plaintiff and Defendants are each "person[s]" as defined by California Business and Professions Code section 17201. California Business and Professions Code section 17204 authorizes a private right of action on both an individual and representative basis.

40.     "Unfair competition" is defined by Business and Professions code section 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent business act or practice, and (4) "unfair, deceptive, untrue, or misleading advertising." The definitions in section 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

41.     A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm–that is, evidence that the defendant's conduct caused or was likely to cause substantial injury.  It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

42.     By and through Defendants' conduct alleged above and in further detail herein, Defendants engaged in conduct that constitutes unlawful, unfair, and/or fraudulent business practices and advertising as prohibited by Bus. & Prof. Code §§ 17200, *et seq.*

### UNLAWFUL

43.     California Business and Professions code Section 17200, *et seq.* prohibits "any unlawful…business act or practice."

44.     As explained above, Defendants deceived, misled, and invaded the rights of Plaintiff and other Class Members by representing that their Samsung QLED TVs has characteristics and features that they did not have.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

45.     Beginning in or about 2019 and continuing through the time of this Complaint, Defendant committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by falsely representing that its Samsung QLED TVs had features and characteristics that these products did not have, in violation of Cal. Civil Code § 1770 *et seq.*, Bus. & Prof. Code §§ 17500, *et seq.*

46.     Defendants used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to buy and/or pay a higher price for the Samsung QLED TVs in violation of California Business and Professions Code Section 17500, *et seq.*   Had Defendants not falsely advertised, marketed, or misrepresented the Samsung QLED TVs, Plaintiff and Class Members would not have purchased the Samsung QLED TVs, have purchased alternative products, and/or would have paid less for the Samsung QLED TVs.  Defendants' conduct therefore caused, and continues to cause, economic harm to Plaintiff and Class Members.

47.     Defendants have thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## UNFAIR

48.     Defendant has engaged in a pattern of "unfair" business practices in violation of Bus. & Prof. Code §§ 17200, *et seq.*, by designing, manufacturing, distributing, selling, and/or marketing the Samsung QLED TVs.

49.     The gravity of those misrepresentations outweighs any alleged benefits attributable to such conduct; and such conduct is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous, and/or

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

substantially injurious to consumers, in that consumers are led to believe that the Samsung QLED TVs have qualities and benefits which they do not have.

50.     California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."   Defendants' acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to purchasers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

51.     UCL cases have applied a variety of tests for what constitutes an "unfair" business practice. *See Durrell v. Sharp HealthCare*, 183 Cal. App. 4th 1350, 1365 (2010).  Here, the Plaintiff satisfies all three.

52.     The FTC test requires a purchaser to show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to purchasers or competition; and, (3) is not one that purchasers themselves could reasonably have avoided.

53.     Here, Defendants' conduct has caused and continues to cause substantial injury to Plaintiff and members of The Class.  Plaintiff and members of The Class have suffered injury in fact and lost money due to Defendants' decision to sell Samsung QLED TVs that do not have characteristics as advertised. Accordingly, Plaintiff and class members were injured because they paid money for a product that was of substantially less value than they reasonably believed, and were denied the benefit of the bargain.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

54.     Such conduct involves equitable remedies in the form of a return of part of the purchase price of the product. Thus, Defendants' conduct has caused substantial injury to Plaintiff and the members of the Class.

55.     Another test for unfairness under the UCL is the antitrust test, which analyzes whether the conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because it effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).

56.     By deceiving Plaintiff and members of the class into purchasing Samsung QLED TVs under false pretenses, Defendants have gained an unfair advantage in the marketplace and has hindered competition. Class Members, including Plaintiff, are stuck with televisions that do not bear the characteristics they were marketed as having. As a result, Defendants have unfairly usurped the business of competitors, and artificially been able to raise the price of Samsung QLED TVs. Defendants' actions tend to harm competition in the TV and electronics market by reducing competition in the marketplace due to consumer perceived qualify of the Samsung QLED TVs as a result of Defendants' misrepresentations. Defendants' misrepresentations do not offer any countervailing benefit to the marketplace.

57.     A third test for determining unfairness under the UCL is a balancing test as to whether the business practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 887 (1999).

58.     Here all of these factors weigh heavily in favor of this Court finding that Defendants' business practices are unfair.

59.     Defendants took advantage of the market and of consumers by misrepresenting the characteristics and qualities of Samsung QLED TVs to the general public, as discussed above. Such conduct is injurious to consumers insofar as it

**CLASS ACTION COMPLAINT**

promises a product bearing certain characteristics, when in fact the product bears characteristics that are inherently and facially of less value. Accordingly, consumers were deprived of the benefit of the bargain of what they sought to purchase and reasonably believed they had purchased at the point of sale. There is no moral, ethical, or economic justification for this conduct, and it is inherently immoral and unscrupulous for Defendants to have done this to its customers.

60.    In so doing, Defendants have acted immorally, unethically, oppressively, unscrupulously, and has caused a substantial injury to consumers as detailed above.

61.    Plaintiff can use a benefit of the bargain approach, discrete choice analysis, or other economically-sound methods of damage calculations to ascertain the harm suffered by Class Members.

62.    Finally, the injury suffered by Plaintiff and members of the Class is not an injury that consumers could have reasonably avoided.

63.    Thus, Defendants' conduct has violated the "unfair" prong of California Business and Professions Code § 17200.

### FRAUDULENT

64.    Beginning in or around 2019 and continuing through the time of this Complaint, Defendants engaged in acts of unfair competition, including those described herein, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200 *et seq.*, by falsely representing that Samsung QLED TVs had features such as Motion Xcelerator Turbo+, FreeSync, and HDMI 2.1.

65.    Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

### "UNFAIR, DECEPTIVE, UNTRUE, OR MISLEADING"

66.    Defendants' practices are unfair, deceptive, untrue, or misleading in that consumers are led to believe that Samsung QLED TVs had features such as Motion Xcelerator Turbo+, FreeSync, and HDMI 2.1.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

- 19 -

67.     Plaintiff and the public, as reasonable consumers, were deceived and misled by Defendants' conduct.

68.     Defendants' unlawful, unfair, and fraudulent business practices, and unfair, deceptive, untrue, and/or misleading advertising presents a continuing threat to the public in that Defendants continue to falsely represent that Samsung QLED TVs have features that they do not have.

69.     Defendants engaged in these unlawful, unfair, and fraudulent business practices, which were motivated solely by Defendants' self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated, thereby unjustly enriching Defendants.

70.     Such acts and omissions by Defendants are unlawful and/or unfair and/or fraudulent and constitute violations of the Bus. & Prof. Code §§ 17200 *et seq.*, Plaintiff reserves the right to identify additional violations by Defendants as may be established through discovery.

71.     As a direct and proximate result of the aforementioned acts and representations, Defendants received and continue to receive unearned commercial benefits at the expense of its competitors and the public.

72.     As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent conduct described herein, Defendants have been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff and Class Members, who unwittingly provided money to Defendants as a result of Defendants' fraudulent misrepresentations.

73.     Plaintiff has suffered an "injury in fact" because Defendants received Plaintiff's money as a result of Defendants' false representations.

74.     In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which are available to prevailing plaintiffs in class action cases such as this.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**SECOND CAUSE OF ACTION**

**CALIFORNIA FALSE ADVERTISING LAW**

**Business and Professions Code § 17500**

**(On Behalf Of Plaintiff And The Class)**

75.    Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

76.    Plaintiff brings this claim individually and on behalf of all others similarly situated for Defendants' violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*

77.    Under the FAL, the State of California makes it "unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of … personal property or to perform services… or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public … in any other manner or means whatever, including over the Internet, any statement, concerning that … personal property or those services … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]" Cal. Bus. & Prof. Code § 17500.

78.    Defendants knowingly engaged in a scheme of misrepresenting that Samsung QLED TVs had features such as Motion Xcelerator Turbo+, FreeSync, and HDMI 2.1. Such practice misrepresented the quality and characteristics of the Samsung QLED TVs. Defendants knew or should have known its conduct was unauthorized, inaccurate, and misleading.

**THIRD CAUSE OF ACTION**

**CALIFORNIA CONSUMER LEGAL REMEDIES ACT**

**California Civil Code §1770 *et seq.***

**(On Behalf Of Plaintiff And The Class)**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

79.   Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

80.   Defendants' actions as detailed above constitute a violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §1770 to the extent that Defendants violated the following provisions of the CLRA:

a) Using deceptive representations in connection with goods or services.  Cal. Civ. Code §1770(a)(4).

b) Representing that goods or services have sponsorship, approval, and characteristics that they do not have.  Cal. Civ. Code §1770(a)(5).

c) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Cal. Civ. Code §1770(a)(7).

81.   On or about July 1, 2023, through his Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendants with notice of its violations of the CLRA (attached hereto as **Exhibit A**), and asked that Defendants correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendants that it must take such action within thirty (30) calendar days, and pointed Defendants to the provisions of the CLRA that Plaintiff believes to have been violated by Defendants. If Defendants refuse to timely correct, repair, replace or otherwise rectify the issues raised therein, Plaintiff will amend the Complaint to seek damages under the CLRA.

82.   Plaintiff will subsequently file an Affidavit of Venue as required by the CLRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against the Samsung as follows:

A.   For an order awarding, as appropriate, restitution to the Plaintiff and the Class;

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

B.     For an order certifying this case as a class action and appointing Plaintiff and Plaintiff's counsel to represent the Class;

C.     For an order that the Court certify Plaintiff to serve as the class representative in this matter;

D.     For an order that Samsung and Best Buy's wrongful conduct alleged herein be adjudged and decreed to violate the claims asserted herein;

E.     For an order requiring Samsung to immediately cease and desist from selling and distributing Samsung QLED TVs with the deceptive and false advertising as set forth above, and enjoining Samsung and Best Buy from continuing to manufacture, deliver, offer to deliver, market, advertise, distribute, and sell the Samsung QLED TVs in the unlawful, unfair, and deceptive manner described herein;

F.     For an order awarding attorneys' fees and costs;

G.     For an order awarding pre-judgment and post-judgment interest; and

H.     For such other and further relief as this Court find just, equitable and proper, including, but not limited to, the remedy of disgorgement.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and members of the Class are entitled to, and demand, a trial by jury.

Dated:  July 3, 2023           RAY KIM LAW, APC

_____
Raymond Y. Kim
Attorneys for Plaintiff
Sergio Rodriguez

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832